*J. Michael Baskin v. Freedom Life Insurance Company of America*

# Exhibit A

*To Notice of Removal*

# Lower Court Documents

ELECTRONICALLY FILED - 2024 Sep 09 3:57 PM - YORK - COMMON PLEAS - CASE#2024CP4603588

| STATE OF SOUTH CAROLINA<br><br>COUNTY OF YORK | IN THE COURT OF COMMON PLEAS<br><br>SIXTEENTH JUDICIAL CIRCUIT |
|---|---|
| J. Michael Baskin,<br><br>Plaintiff(s),<br>-vs-<br><br>Freedom Life Insurance Company of America,<br><br>Defendant(s). | Case No.<br><br>**SUMMONS** |

TO: THE DEFENDANT(S) ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is hereby served upon you and to serve a copy of your Answer to the said Complaint on the subscriber, David A. Maxfield, Esquire, at his office at P.O. Box 11865, Columbia, South Carolina 29211, within thirty (30) days after service hereof, exclusive of the date of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the court for the relief demanded in the Complaint. If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the Complaint.

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

Dave Maxfield, Esq., SC Bar No. 7163
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

September 9, 2024

ELECTRONICALLY FILED - 2024 Sep 09 3:57 PM - YORK - COMMON PLEAS - CASE#2024CP4603588

STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS

COUNTY OF YORK | SIXTEENTH JUDICIAL CIRCUIT

J. Michael Baskin,

Plaintiff,

-vs-

Freedom Life Insurance Company of America,

Defendant.

**COMPLAINT**

(Jury Trial Requested)

Plaintiff J. Michael Baskin ("Plaintiff"), by and through his undersigned counsel, hereby files this Complaint against Defendant Freedom Life Insurance Company of America ("Defendant") and alleges as follows:

**PARTIES**

1. Plaintiff is a resident and citizen of York County, South Carolina.
2. Defendant is a corporation organized under the laws of Texas with its principal place of business at 300 Burnett St, Ste 200, Fort Worth, TX 76102. Defendant is authorized to do business in South Carolina and does conduct business in York County, South Carolina.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this action pursuant to S.C. Code Ann. § 14-5-350.
4. Venue is proper in this Court pursuant to S.C. Code Ann. § 15-7-30 as the cause of action arose in York County, South Carolina.

ELECTRONICALLY FILED - 2024 Sep 09 3:57 PM - YORK - COMMON PLEAS - CASE#2024CP4603588

## FACTUAL ALLEGATIONS

5. In or around June 2017, without Plaintiff's express knowledge or consent, Defendant began making electronic withdrawals from Plaintiff's personal account at Bank of America.
6. Plaintiff had a number of authorized automatic drafts from his account, and as a result, Defendant's unauthorized withdrawals went undetected until 2024.
7. Between June 2017 and 2024, Defendant made monthly unauthorized withdrawals from Plaintiff's account, totaling $16,359.31.
8. Defendant made these unauthorized withdrawals on more than 70 separate occasions.
9. At no time did Plaintiff authorize Defendant to make these withdrawals or enter into any agreement with Defendant for insurance or any other services.

## FIRST CAUSE OF ACTION

**(Violation of the Electronic Fund Transfer Act)**

10. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.
11. The Electronic Fund Transfer Act, 15 U.S.C. § 1693 et seq. ("EFTA"), prohibits electronic fund transfers from a consumer's account without the consumer's authorization.
12. Defendant violated EFTA by initiating electronic fund transfers from Plaintiff's account without Plaintiff's authorization, and otherwise, as follows:
    i) Unauthorized Electronic Fund Transfers: The defendant made unauthorized electronic withdrawals from the plaintiff's account without his express knowledge or consent. This violates 15 USC 1693g(a) and 12 CFR 1005.6, which state that consumers are not liable for unauthorized electronic fund transfers if they report them promptly
    ii) Preauthorized Transfers Without Proper Authorization: The defendant initiated preauthorized electronic fund transfers from the plaintiff's account without his written authorization. This violates 15 USC 1693e(a) and 12 CFR 1005.10, which require that preauthorized electronic fund transfers from a consumer's account must be authorized by the consumer in writing

ELECTRONICALLY FILED - 2024 Sep 09 3:57 PM - YORK - COMMON PLEAS - CASE#2024CP4603588

iii) Failure to Provide Initial Disclosures: The defendant likely failed to provide initial disclosures to the plaintiff before the first electronic fund transfer. This violates 15 USC 1693c(a) and 12 CFR 1005.7, which require that consumers must receive initial disclosures before their first electronic fund transfer, detailing their rights and responsibilities.

iv) Failure to Provide Notice of Varying Amounts: If the amounts withdrawn varied, the defendant likely failed to notify the plaintiff of preauthorized transfers that varied in amount from the previous transfer. This violates 15 USC 1693e(b) and 12 CFR 1005.10.

v) Improper Liability Imposed on Consumers: By withdrawing funds without authorization, the defendant effectively imposed improper liability on the plaintiff. This violates 15 USC 1693g(a) and 12 CFR 1005.6, which state that financial institutions must not impose greater liability on consumers for unauthorized transfers than is permitted under Regulation E.

13. Defendant's violations were knowing and willful.

14. As a direct and proximate result of Defendant's violations of EFTA, Plaintiff has suffered damages in the amount of $16,359.31.

15. Pursuant to 15 U.S.C. § 1693m, Plaintiff is entitled to actual damages, statutory damages, costs, and reasonable attorney's fees.

**SECOND CAUSE OF ACTION**

**(Violation of South Carolina Unfair Trade Practices Act)**

16. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

17. The South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-10 et seq. ("SCUTPA"), prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

ELECTRONICALLY FILED - 2024 Sep 09 3:57 PM - YORK - COMMON PLEAS - CASE#2024CP4603588

18. Defendant's conduct in making unauthorized withdrawals from Plaintiff's account on more than 70 separate occasions constitutes an unfair and deceptive act or practice in violation of SCUTPA.
19. Defendant's unfair and deceptive acts and practices have impacted the public interest.
20. Defendant's violations of SCUTPA were willful and knowing.
21. As a direct and proximate result of Defendant's violations of SCUTPA, Plaintiff has suffered an ascertainable loss of money in the amount of $16,359.31.
22. Pursuant to S.C. Code Ann. § 39-5-140, Plaintiff is entitled to actual damages, treble damages, costs, and reasonable attorney's fees.

## THIRD CAUSE OF ACTION

**(Conversion)**

23. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.
24. By making unauthorized withdrawals from Plaintiff's account, Defendant wrongfully exercised dominion over Plaintiff's personal property.
25. Defendant's wrongful exercise of dominion over Plaintiff's property was in denial of and inconsistent with Plaintiff's rights.
26. As a direct and proximate result of Defendant's conversion, Plaintiff has suffered damages in the amount of $16,359.31.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a) For actual damages in the amount of $16,359.31;

b) For statutory damages under EFTA;

c) For treble damages under SCUTPA;

d) For costs of this action;

e) For reasonable attorney's fees;

ELECTRONICALLY FILED - 2024 Sep 09 3:57 PM - YORK - COMMON PLEAS - CASE#2024CP4603588

f) For pre-judgment and post-judgment interest as allowed by law; and

g) For such other and further relief as the Court deems just and proper.

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield
________________________________

Dave Maxfield, Esq., SC Bar No. 7163
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

September 9, 2024

ELECTRONICALLY FILED - 2024 Oct 07 11:00 AM - YORK - COMMON PLEAS - CASE#2024CP4603588

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF YORK | SIXTEENTH JUDICIAL CIRCUIT |
| J. Michael Baskin,<br>Plaintiff(s),<br>-vs-<br>Freedom Life Insurance Company of America,<br>Defendant(s). | Case No. 2024-CP-46-03588 |

**PROOF OF SERVICE**

I, the undersigned, an employee of Dave Maxfield, Attorney at Law, have served **Freedom Life Insurance Company of America**, by U.S. Certified Mail, Restricted Delivery, Return Receipt Requested, on **September 24, 2024** with a **Summons & Complaint** in the above-entitled action as shown by the attached receipt.

Respectfully submitted by:

s/ David A. Maxfield_______________
Dave Maxfield, Esq. SC Bar No. 7163
Dave Maxfield, Attorney, LLC
PO Box 11865
Columbia, SC 29211-1865
(803) 509-6800
dave@consumerlawsc.com

DATED: October 7, 2024

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Freedom Life Ins. Co. of America
300 Burnett St. Ste. 200
Fort Worth, TX 76102

9590 9402 7455 2055 7753 63

2. Article Number *(Transfer from service label)*

7021 0950 0001 8662 9628

COMPLETE THIS SECTION ON DELIVERY

A. Signature

X

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*

C. Date of Delivery
9/2

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☑ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

return receipt

PS Form 3811, July 2020 PSN 7530-02-000-9053 Domestic Return Receipt

ELECTRONICALLY FILED - 2024 Oct 07 11:00

USPS TRACKING #

NORTH TEXAS TX 750
26 SEP 2024 PM 9 L

9590 9402 7455 2055 7753 63

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

Baskin SFC

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

DAVE MAXFIELD ATTORNEY, LLC
PO BOX 11865
COLUMBIA, SC 29211-1865

Freedom Life 30 Days

ELECTRONICALLY FILED - 2024 Oct 07 11:00